THORNTON, J.
This habeas corpus appeal involves a dispute over the interpretation of a provision of ORS 137.550(2), which states that a probation violator who has been sentenced to the penitentiary for such violation is entitled to credit on his penitentiary sentence "for all time thus served” in the county jail as a condition of his prior probation.
More particularly, the point at issue is whether petitioner is entitled to the good time and work time credits earned while he was confined in the county jail. ORS 169.110 and 169.120.
The trial judge concluded that petitioner was entitled to the full amount of his county jail sentence and gave judgment accordingly.
The state appeals.
On August 1, 1974, following a guilty plea, petitioner was sentenced to the custody of the Corrections Division for a period of five years; imposition of sentence was suspended and petitioner was placed on probation for a period of five years. One of the conditions of his probation was that, pursuant to ORS 137.540(9), petitioner be required to serve one year in Rocky Butte Jail, with credit for time already served.
While in jail, petitioner accumulated statutory good time pursuant to the provisions of ORS 169.110 and received credit for work performed pursuant to the provisions of ORS 169.120, resulting in his early release on November 13, 1974, after having been incarcerated for only 218 days. The period of incarceration, however, fulfilled the probation condition that petitioner serve one year in the county jail.
On May 22, 1975, petitioner was arrested and incarcerated in Rocky Butte Jail for probation violation, and on May 28, 1975, his probation was revoked and the court imposed the five-year sentence previously suspended. Petitioner remained incarcerated in the *[1240] county jail until he was transferred to Oregon State Penitentiary on June 10, 1975.
The Multnomah County Sheriff certified to the Oregon State Penitentiary that petitioner had served 237 days while in custody at Rocky Butte Jail, computed as follows: 218 days from April 9, 1974 to November 13,1974, and 19 days from May 22,1975 to June 10, 1975.
Petitioner contended that he was entitled to credit for one full year because the time he actually served had fulfilled the condition of his probation that he serve one year in the county jail. Accordingly, he commenced this habeas corpus proceeding contending, inter alia, that his rights were violated by respondent’s refusal to credit petitioner with one full year as time served at Rocky Butte Jail. The trial court found for petitioner on this question and entered a judgment ordering respondent to credit against petitioner’s sentence an additional 144 days.
Under ORS 137.550(2) petitioner is entitled to credit against the term of his sentence for the time he served in the county jail as a condition of his probation. The only question presented is whether he is entitled to a full year because he fulfilled the court’s probationary condition that he serve one year, or whether he is entitled only to credit for time actually served in the county jail. The relevant portion of ORS 137.550(2) is:
"* * * A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 shall be given credit for all time thus served in any order or judgment of confinement resulting from revocation of his probation.* * *” (Emphasis supplied.)
The question narrows to whether the reference to "all time thus served” means time actually served, or time for which petitioner is given credit for having served in fulfillment of the probationary condition. We think it is clear that the reference is to the sentence *[1241] served, including credit for good time earned, rather than the time actually incarcerated.
As we read ORS 137.550(2), the phrase "all time thus served” means all time served as a condition of probation, and is not limited to the time that the inmate is actually confined. The interpretation urged by the state would result in two diametrically opposite interpretations of the state good time statutes[1] and the parallel provisions of the county good time statutes.[2] Not only would this be illogical, it would defeat the apparent legislative purpose in enacting ORS 137.550(2) in 1967, which was to harmonize the two provisions.
Lastly, both parties cite ORS 137.370(2) in support of their respective positions. That section provides:
"The time that a person sentenced to imprisonment in the penitentiary or the correctional institution is confined after arrest and prior to his delivery thereat shall be computed by the sheriff and considered part of his sentence actually served in the penitentiary or the correctional institution. When a judgment of conviction is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the maximum term, and from the minimum, if any, of the new sentence.”
The above section is not applicable to the 218 days petitioner served as a condition of his probation, but only applies to the 19 days during which he was incarcerated as a result of his alleged probation violation. It is ORS 137.550(2) that specifically deals with the 218 days petitioner served "as a condition of probation.”
Affirmed.

ORS 137.310, 137.320, 137.370, 137.390 and 137.550.

ORS 169.110 and 169.120.