Argued and submitted December 10, 1984, reversed and remanded March 6, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# EDWARD ARNOLD METZLER,
*Appellant.*

(10-80-10127, 10-80-10129;
CA A31611 (Control), A31612)
(Cases Consolidated)

696 P2d 576

Terrance P. Gough, Eugene, argued the cause for appellant. With him on the brief was Thomsen, Gough & Gough, Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals a trial court order continuing his probation and extending it for an additional year. He contends that the order subjects him to a punishment greater than that to which he was susceptible when he committed the crime for which he was convicted, in violation of Article I, section 21, of the Oregon Constitution,[1] and Article I, section 10, of the Federal Constitution. We reverse and remand for resentencing.

In 1981, defendant pled guilty to sexual abuse in the first degree. ORS 163.425. Imposition of sentence was suspended, and he was placed on probation for five years. Two years later, the state moved to revoke his probation. The trial court continued his probation but extended it for an additional year beyond the original five years.

At the time defendant was convicted and sentenced, ORS 137.010(3) provided:

"If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not less than one nor more than five years."

After the original probation order was entered, the legislature amended ORS 137.010(3) to provide:

"If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not more than five years. However, upon a later finding that a defendant on probation for a felony has violated a condition of the probation and in lieu of revocation, the court may order the period of both the suspended sentence and the probation extended until a date not more than six years from the date of original imposition of probation. Time during which the probationer has absconded from supervision and a bench warrant has been issued for the probationer's arrest shall not be counted in determining the time elapsed since imposition of probation."

Or Laws 1981, ch 181, § 1. The trial court relied on the amended statute in extending defendant's probation.

---

[1] Article I, section 21, of the Oregon Constitution provides:

"No *ex-post facto* law * * * shall ever be passed * * *."

Defendant contends that the trial court improperly subjected him to an *ex post facto* law. The state argues that there is no *ex post facto* application when a defendant's probation is extended pursuant to ORS 137.010(3), if the extension is due to a defendant's conduct after the effective date of the amended statute. We disagree.

Defendant has been subjected to a punishment greater than that to which he was susceptible when he committed the crime for which he was convicted. At that time, he could have been placed on probation for no more than five years. The extension of his probation for an additional year violated Article I, section 21, of the Oregon Constitution. *See State v. Smith,* 56 Or 21, 26, 107 P 980 (1910).[2]

Case A31612 remanded for resentencing; judgment in case A31611 affirmed.

---

[2] This appeal involves two consolidated cases. Case A31611 concerned a separate charge of sexual abuse. There, defendant's probation was revoked, and he was sentenced to four years of imprisonment. Although he appeals that case, he raised no issues concerning it in his brief or on oral argument. Therefore we only address his contention in case A31612.