In the Matter of
Gordon Edward Conrad, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MARION COUNTY,
*Respondent,*

*v.*

## CONRAD,
*Appellant.*

(23,404; CA A34487)

713 P2d 1088

Stephen E. A. Sanders, Certified Law Student, Salem, argued the cause for appellant. With him on the brief was John W. Jensen, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

This is an appeal from a juvenile court order committing the child to a juvenile training school. ORS 419.509(1). The issue is whether the judge erred in committing the child to MacLaren School for Boys after he reached age 18. Appellant contends that the committment constituted an *ex post facto* application of the 1983 amendment to ORS 420.011 under the Oregon[1] and federal[2] constitutions. We affirm.

The material facts are not in dispute. Appellant was born on March 5, 1966. He was 16 years of age on September 6, 1982, when he allegedly committed an act of criminal mischief. He failed to appear for hearings scheduled for October and November, 1982. He surrendered himself to juvenile authorities in May, 1984, two months after his 18th birthday.

At the time of the alleged unlawful act, ORS 420.011 provided that only juvenile offenders "between the ages of 12 and 18 years" could be admitted to juvenile training schools. Or Laws 1975, ch 182, § 1. On October 15, 1983, a legislative amendment took effect which made offenders "12 years of age and older but less than 19 years of age" eligible for commitment to such schools. Or Laws 1983, ch 815, § 2. On that date, the appellant was still 17 years old. Both before and after the amendment a child admitted to juvenile training school could be held until age 21. ORS 420.011.

We reject appellant's argument that the order committing him to juvenile training school after his 18th birthday constituted an *ex post facto* application of the 1983 amendment in violation of Article I, section 21, of the Oregon Constitution. We do so because appellant was subject to no greater punishment then than he was at the time he committed the offense. *See State v. Metzler,* 72 Or App 555, 696 P2d 576 (1985). At that time appellant could have been committed to MacLaren until he reached age 21. The order does no more than that. The 1983 amendment merely extended the time

---

[1] Or Const., Art I, § 21, provides:

"No *ex-post facto* law * * * shall ever be passed."

[2] US Const., Art I, § 10, provides:

"No State shall * * * pass any * * * ex post facto Law * * *."

period within which he remained eligible for commitment to age 21.

Appellant can avail himself of no additional protection under the federal constitution. The Supreme Court stated in *Dobbert v. Florida,* 432 US 282, 293, 97 S Ct 2290, 53 L Ed 2d 344 (1977), that procedural changes are not *ex post facto,* even if they may work to the disadvantage of a defendant. In that case, after the defendant committed the crime, the legislature changed the function of the judge and jury in the imposition of death sentences. The Court held that, because there was no change in the quantum of punishment or the quantity or degree of proof necessary to establish guilt, there was no violation of the *Ex Post Facto* Clause. The same is true in this case. The quantum of punishment and the quantity and degree of proof have not changed. There is no *ex post facto* violation.

Critical to relief under the *Ex Post Facto* Clause is the "lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham,* 450 US 24, 30, 101 S Ct 960, 67 L Ed 2d 17 (1981). The punishment has not been increased in this case. Appellant was committed to MacLaren until age 21. That is the punishment he was subject to when he committed the act.

Affirmed.