Argued and submitted November 30, 1990, affirmed March 6, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# SAYED MOHAMMED FATEH KAMALI,
*Appellant.*

(29326A; CA A64414)

806 P2d 728

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants, ORS 813.010, arguing that the sentence imposed exceeds the maximum allowed by law. ORS 138.040(1)(b)(A). The issue is whether the trial court was authorized to suspend defendant's driver's license for three years, pursuant to ORS 809.420(2), which provides, in part:

"(2)   * * * The period of suspension or revocation under this schedule shall be:

"(a)   One year for a first offense * * *.

"(b)   Three years for a second offense, where the commission of the second offense and a conviction for a separate offense occur within a five-year period."

In June, 1989, defendant was arrested for DUII. Because he was allowed to enter a diversion program, ORS 813.220, he was not prosecuted at that time.[1] In December, 1989, he was arrested on another DUII charge. A show-cause hearing was held, and the existing diversion agreement was terminated. ORS 813.255(5)(a). In March, 1990, defendant pled guilty to the June and December charges, and the cases were consolidated for sentencing. The court suspended imposition of sentence, placed defendant on probation for two years and suspended his driver's license for three years, pursuant to ORS 809.420(2)(b). The sentences were imposed in the order that the cases were listed on the court docket, the December charge first. As a result, the mandatory three-year suspension was imposed on the second conviction to be disposed of, the June offense. Defendant argues that the judge erred in imposing a three-year suspension for that offense, because only a one-year suspension is authorized for a "first" offense.

If an individual commits two DUII offenses, ORS 809.420(2)(b) authorizes a three-year suspension, regardless

---

[1] In October, 1989, the language of ORS 809.420(2)(b) was changed by the legislature. The statute had previously authorized a three-year license suspension for second offenses "committed within five years of a prior conviction." *See State v. Carney,* 94 Or App 302, 765 P2d 232 (1988) (interpreting *former* ORS 809.420). Defendant makes an *ex post facto* argument, contending that the former statute should be applied to this case. However, that argument has no merit, because the sanctions for repeat DUII offenders were modified *before* he committed the second offense. Moreover, the argument was not adequately preserved below.

of which offense was committed first, if the conviction for one and the commission of the other occur within a five-year period. Defendant was convicted of both offenses simultaneously, by entry of his guilty plea. He was merely *sentenced* first for the December charge. We do not read "second offense" as being limited to second in the time sequence of the acts.

Affirmed.