Submitted on record and briefs January 26, reversed and remanded with instructions November 13, 1996

ANDREW DOSSIE HAAS,
*Appellant,*

*v.*

Pennie HATHAWAY,
Records Officer,
Santiam Correctional Institution,
*Respondent.*

(95C-11149; CA A89450)

928 P2d 331

Andrew Dossie Haas filed the briefs *pro se*.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephen L. Madkour, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment dismissing his petition for an alternative writ of mandamus against the records officer of the Santiam Correctional Institution. We review for errors of law. *Kirschbaum v. Abraham,* 267 Or 353, 355, 517 P2d 272 (1973).

Plaintiff was convicted on December 3, 1987, of two counts of sexual abuse in the first degree. The court sentenced plaintiff on the first count to a five-year term of imprisonment. The court suspended imposition of that sentence, however, and placed plaintiff on probation for a period of five years. One of the conditions of that probation required plaintiff to complete sexual offender treatment at the Oregon State Hospital successfully.

The court also sentenced plaintiff to a one-year term of imprisonment on the second count to run concurrently with the sentence on the first count. The court suspended imposition of that sentence and placed plaintiff on probation for five years. One of the conditions of that probation required plaintiff to serve 180 days in the Multnomah County Jail or until bed space became available at the Oregon State Hospital, at which time plaintiff was to be transported to the hospital and the balance of his sentence suspended. It appears from the record that plaintiff served some time in a county jail in 1992 and 1993 as a result of probation violations.

Plaintiff entered the sexual offender treatment program at the state hospital on July 19, 1993. He remained a patient at the hospital until January 18, 1994, but he did not complete the treatment program. Because of that failure, the court revoked plaintiff's probation. On January 27, 1994, the court imposed the original five-year sentence for count one of plaintiff's convictions. However, the court's judgment did not give plaintiff credit for any time that he had spent in jail or at the Oregon State Hospital as a condition of his probation. Pursuant to that judgment, plaintiff was sent to the Santiam Correctional Institution.

On April 17, 1995, plaintiff filed a petition for an alternative writ of mandamus against the records officer at

the Santiam facility. In the petition, plaintiff contended that defendant had unlawfully denied him credit on his sentence for time spent in jail and at the state hospital as a condition of probation. The petition asked the court to issue a writ of mandamus directing defendant to give plaintiff the credit to which he was legally entitled. Defendant moved to dismiss the petition on the ground that plaintiff was not entitled to the credit that he sought. The court granted the motion and plaintiff appeals.

Plaintiff argues that the court erred in granting defendant's motion to dismiss, because the relevant statutes require defendant to credit plaintiff for the time that he spent at the Oregon State Hospital and in the county jail as a condition of probation. We turn first to whether plaintiff is entitled to 183 days' credit for the time that he spent at the state hospital.

Plaintiff claims that ORS 137.370(2) entitles him to that credit. That statute provides:

"(2) [W]hen a person is sentenced to imprisonment in the custody of the Department of Corrections, for the purpose of computing the amount of sentence served the term of confinement includes only:

"(a) The time that the person is confined by any authority after the arrest for the crime for which the sentence is imposed; and

"(b) The time that the person is authorized by the Department of Corrections to spend outside a confinement facility, in a program conducted by or for the Department of Corrections."

Plaintiff argues that, because he was ordered as part of his probation to complete the sex offender treatment program at the Oregon State Hospital successfully, he was thereby confined in a "confinement facility" for purposes of ORS 137.370(2)(a). Plaintiff relies on ORS 181.594 as support for that argument. That statute defines a state hospital as a "correctional facility."[1] Alternatively, plaintiff argues

---

[1] ORS 181.594 provides in relevant part:

"(1)(a) 'Correctional facility' means any place used for the confinement of persons:

that his right to a credit does not depend on whether he was confined in a confinement facility because, under ORS 137.370(2)(b), credit is to be given for the time a person is authorized to spend outside a confinement facility in a program *conducted by* or *for* the Department of Corrections. Plaintiff contends that the sexual offender program is such a program, so he is entitled to credit for his time in it.

■    Plaintiff misconstrues ORS 137.370. ORS 137.370 does not apply to time served as a condition of probation, no matter where that time is served. *Brown v. Cupp*, 31 Or App 1237, 1241, 572 P2d 1065 (1977). In *Brown*, we held that ORS 137.370(2) did not apply to the time that the plaintiff served in a confinement facility as a condition of his probation, but only to the time that he served in a confinement facility as a result of a probation violation. It is ORS 137.550(6) that specifically deals with the time a person serves as a condition of probation. *Id.*[2]

■    Plaintiff spent 183 days at the Oregon State Hospital as a condition of his probation. ORS 137.370 does not apply to that time, so plaintiff is not entitled to a credit under that statute for it.[3]

We next turn to whether the time plaintiff spent in a county jail as a condition of his probation should be credited against the sentence that he is now serving as a result of the revocation of that probation. At the time that plaintiff committed his crimes, *former* ORS 137.550(6), *since amended by* Or Laws 1989, ch 790, § 17, provided:

"A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 *shall* be given credit for all time thus served in any

───────────────

"(A) Charged with or convicted of a crime or otherwise confined under a court order.

"(b) 'Correctional facility' applies to a state hospital only as to persons detained therein charged with or convicted of a crime, or detained therein after being found guilty * * *."

[2] Although ORS 137.370 has been amended since the decision in *Brown*, the amendments to the statute do not affect the credit due plaintiff.

[3] Because neither plaintiff nor defendant raises the question whether plaintiff should be given credit under ORS 137.550(6) for time spent at the state hospital, we do not address that issue.

order or judgment of confinement resulting from revocation of probation."

(Emphasis supplied.) If applicable, the statute plainly entitles plaintiff to the credit that he seeks for the time that he spent in a county jail as a condition of probation.

However, the 1989 Oregon Legislature amended ORS 137.550(6) to read:

"A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 * * * *may* be given credit for all time thus served in any order or judgment of confinement resulting from revocation of probation."

(Emphasis supplied.) By replacing "shall" with "may," the 1989 amendment replaced a mandatory credit for time spent in jail as a condition of probation with a discretionary credit. Plaintiff contends that application of the amended statute to him violates the *ex post facto* clauses of the state and federal constitutions. Or Const, Art I, § 21; US Const, Art I, § 9.[4] He argues that the amended statute subjects him to greater punishment than was allowed under the laws that existed at the time that he committed his crimes.

"An *ex post facto* law is one that makes criminal an act that was lawful at the time it was committed, or a law that increases the punishment for a crime after the commission of the act for which punishment is imposed." *Williford v. Board of Parole*, 137 Or App 254, 256, 904 P2d 1074 (1995) (citation omitted), *rev den* 322 Or 613 (1996). The latter principle is the one at issue in this case.

Defendant argues that the 1989 amendment does not impose additional punishment within the meaning of the *ex post facto* clauses, because it neither increases the term of incarceration nor extends the length of probation. She argues

---

[4] Article I, section 21, of the Oregon Constitution provides:

"No *ex-post facto* law * * * shall ever be passed * * *."

Article I, section 10, of the United States Constitution provides:

"No state shall * * * pass any * * * *ex post facto* Law * * *."

The two provisions are "similarly" applied. *Howard v. State Board of Parole*, 105 Or App 288, 292, 804 P2d 509, *rev den* 311 Or 432 (1991).

that ORS 137.550(6) simply gives judges discretion whether to allow credit for time served after a person's probation has been revoked. What defendant fails to note, however, is that the effect of giving courts that discretion may be to subject a person to increased incarceration by failing to give the person credit for time served as a condition of probation. The fact that discretion is involved in whether to credit plaintiff with time served as a condition of probation does not avoid *ex post facto* considerations. *Williams v. Board of Parole*, 112 Or App 108, 112, 828 P2d 465, *rev dismissed* 313 Or 300 (1992). The possibility that plaintiff will receive a longer prison term than he might have received under the prior statute violates the Oregon *ex post facto* clause, because it allows for greater punishment than was permitted at the time of the original offense. *Id.*

Defendant contends, however, that the date on which plaintiff committed his original crimes is irrelevant for *ex post facto* purposes, because it is conduct that occurred after the amendment to ORS 137.550(6) that subjected plaintiff to increased punishment. In other words, because plaintiff violated the terms of his probation *after* the 1989 amendment took effect, plaintiff was "on notice" of the possibility of increased punishment for violating the terms of his probation. Thus, defendant argues, application of ORS 137.550(6) to plaintiff does not have a retroactive effect, because any increased punishment is based solely on acts that occurred after the effective date of the amendment.

In support of her position, defendant cites *State v. Kamali*, 106 Or App 230, 806 P2d 728 (1991). In *Kamali*, the defendant was convicted of driving under the influence of intoxicants (DUII) for offenses that occurred in June and December 1989. Between the time of the two offenses, the legislature amended the DUII statute in a way that increased the period in which the defendant's license could be suspended for a second DUII offense. Pursuant to the amended statute, the court suspended the defendant's license for three years. We rejected the defendant's *ex post facto* challenge to the three-year suspension, in part, "because the sanctions for repeat DUII offenders were modified *before* [the defendant] committed the second offense." *Id.* at 232 n 1 (emphasis in original).

Defendant argues that the rationale in *Kamali* is equally applicable to this case, because plaintiff's incarceration was based solely on conduct that occurred *after* the 1989 amendment of ORS 137.550(6). Our decision in *Kamali* is distinguishable, however, from the present case. In *Kamali*, the defendant committed a separate and distinct crime that had no connection to the original one, and the punishment that he received was for the *new* crime. Here, the court revoked plaintiff's probation, not because plaintiff committed a separate offense from the underlying crime, but because plaintiff failed to complete one of the conditions of his probation. Consequently, plaintiff's probation was not revoked as a punishment for a new offense. Instead, plaintiff's conduct simply triggered the execution of the sentence for the original convictions.

In any event, *State v. Metzler*, 72 Or App 555, 696 P2d 576 (1985), is directly on point and holds contrary to defendant's argument. In *Metzler*, the court placed the defendant on probation for five years, which was the maximum term of probation that could be imposed for the offense. *Id.* at 557. The state moved to revoke his probation two years later. The court chose to continue the probation for an additional year beyond the original five-year period, pursuant to a subsequently enacted statute. *Id.* As in the present case, the state argued that application of the new statute to extend defendant's probation did not violate the *ex post facto* clauses, because the probation extension resulted from conduct that had occurred after the effective date of the new statute. *Id.* at 558. We disagreed and held that the extension violated the Oregon Constitution's *ex post facto* clause, because the "[d]efendant [was] subjected to a punishment greater than that to which he was susceptible when he committed the crime for which he was convicted." *Id.*

We adhere to our reasoning in *Metzler* and hold that defendant is required, under *former* ORS 137.550(6), to grant plaintiff credit for the time that he served in a county jail as a condition of his probation. Accordingly, the court erred in dismissing plaintiff's petition on the ground that he is not entitled to that credit.

Reversed and remanded with instructions to issue peremptory writ directing defendant to credit plaintiff with time served in county jail as a condition of probation.