172 June 12, 2024 No. 394

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE ex rel Abraham TORRES-LOPEZ,
*Plaintiff-Relator-Respondent,*

*v.*

Kat FAHRION,
Administrator for Offender Information and
Sentence Computation Unit of the
Oregon Department of Corrections,
*Defendant-Appellant.*

Washington County Circuit Court
22CV16960; A180541

Theodore E. Sims, Judge.

Argued and submitted March 28, 2024.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Jedediah Peterson argued the cause for respondent. Also on the brief was O'Connor Weber LLC.

Before Tookey, Presiding Judge, Egan, Judge, and DeVore, Senior Judge.

EGAN, J.

Judgment directing OISC to grant relator credit for 125 days on Marion County sentences reversed and remanded.

**EGAN, J.**

Relator filed a petition for a writ of mandamus, seeking an order directing the Offender Information and Sentence Computation unit (OISC) of the Oregon Department of Corrections (DOC) to give him credit for time served in pretrial detention in Clackamas County on some convictions against sentences later imposed in Marion County on different convictions. The trial court issued the writ and a judgment directing the OISC to grant relator credit for 125 days on his Marion County sentences on account of his time spent in the Clackamas County jail as well as in DOC custody on his Clackamas County convictions. Defendant, the administrator for OISC, appeals. For the reasons explained below, we reverse and remand.

## BACKGROUND

In 2016, relator began serving time at the Oregon State Penitentiary on Marion County convictions, in Case No. 14CR46735 (eight counts of burglary) and Case No. 16CR06875 (one count of assault in the third degree). Pursuant to a plea agreement, relator's sentences on those convictions were partially suspended, and relator was released on parole in October 2019.

In December 2019, relator was indicted and arrested in Clackamas County on charges of identity theft and fleeing or attempting to elude a police officer (Case No. 18CR85288), to which he ultimately pleaded guilty. Relator was held in the Clackamas County jail while awaiting trial and sentencing on those charges, from December 21, 2019, through March 11, 2020. When he was sentenced on the Clackamas County charges, the DOC credited relator with 82 days for time served. Relator served time on those charges in the Oregon State Penitentiary from March 12 through April 24, 2020.

While relator was being held in the Clackamas County jail on the Clackamas County charges, the Marion County Circuit Court put a detainer on relator for probation violations in the Marion County convictions, Case No. 14CR46735 and Case No. 16CR06875. Thus, for the period December 21, 2019, through March 11, 2020, relator

was being held in the Clackamas County jail both on the Clackamas County charges and on the Marion County probation violations.

On April 24, 2020, the day that relator was released from DOC custody on the Clackamas County charges, the Marion County Circuit Court revoked relator's probation and, as required by his plea agreement on the Marion County convictions, sentenced him to 60 months' imprisonment for each of eight counts of burglary in the first degree in Marion County Circuit Court Case No. 14CR46735, and 60 months' imprisonment for a single count of assault in the third degree in Marion County Circuit Court Case No. 16CR06875. The Marion County Sheriff's Office certified that relator had been in custody in Clackamas County on both Marion County Circuit Court Case Nos. 14CR46735 and 16CR06875, from December 21, 2019, through April 24, 2020, even though, for a portion of that time, relator was actually serving a prison sentence on the Clackamas County charges in Case No. 18CR85288.

Pursuant to ORS 137.320,[1] OISC reviews and calculates a person's sentence, including credit for time served, pursuant to the relevant statutes and administrative rules.

ORS 137.370(4)[2] provides:

---

[1] ORS 137.320(3) provides:

"Upon receipt of the information described in subsection (1) or (2) of this section, the Department of Corrections shall establish a case file and compute the defendant's sentence in accordance with the provisions of ORS 137.370."

[2] ORS 137.370 provides:

"(1) When a person is sentenced to imprisonment in the custody of the Department of Corrections, the term of confinement therein commences from the day the person is delivered to the custody of an officer of the Department of Corrections for the purpose of serving the sentence executed, regardless of whether the sentence is to be served in a state or federal institution.

"(2) Except as provided in subsections (3) and (4) of this section, when a person is sentenced to imprisonment in the custody of the Department of Corrections, for the purpose of computing the amount of sentence served the term of confinement includes only:

"(a) The time that the person is confined by any authority after the arrest for:

"(A) The crime for which sentence is imposed;

"(B) A lesser included or greater inclusive offense of the crime for which sentence was imposed; and

> "Unless the court expressly orders otherwise, a person who is confined as the result of a sentence for a crime or conduct that is not directly related to the crime for which the sentence is imposed, or for violation of the conditions of probation, parole or post-prison supervision, shall not receive presentence incarceration credit for the time served in jail toward service of the term of confinement."

Two administrative rules are also pertinent to our analysis. OAR 291-100-0080(3)(e) states:

> "[A]n inmate will not receive time served credit for the time the inmate is incarcerated in a Department of Corrections facility while awaiting trial and sentencing on additional criminal charges against the incarceration term arising out of those additional charges."

And OAR 291-100-0080(3)(g) provides:

> "[A]n inmate will not receive time served credit for time in custody on a warrant or detainer unless that custody is the sole result of the warrant/detainer."

When relator was being detained in Clackamas County from December 21, 2019, to March 12, 2020, for the probation violations on his Marion County convictions, he was also being confined on the Clackamas County charges. Thus, because his time served was not solely on the Marion County probation violation detainer, under OAR 291-100-0080(3)(g), relator was not entitled to credit for that time served for that period as against the Marion County sentences. And under OAR 291-100-0080(3)(e), relator was not entitled to credit toward the Marion County sentences for

---

"(C) Any other crime constituting a violation of Oregon law within the same county designated by the sentencing court in the judgment as having been committed as part of the same criminal episode as the crime for which sentence was imposed; and

"* * * * *

"(4) Unless the court expressly orders otherwise, a person who is confined as the result of a sentence for a crime or conduct that is not directly related to the crime for which the sentence is imposed, or for violation of the conditions of probation, parole or post-prison supervision, shall not receive presentence incarceration credit for the time served in jail toward service of the term of confinement.

"* * * * *

"(6) As used in this section, 'criminal episode' has the meaning given that term in ORS 131.505."

time served with DOC from March 12, 2020, to April 24, 2020, on the Clackamas County convictions while awaiting sentencing on his probation violations. Thus, OISC determined that relator was not entitled to credit for those periods. Dianne Erickson, the OISC policy manager, explained:

> "TSC [time-served credit] for the period of December 21, 2019, to March 12, 2020, is denied because [relator] was not being held solely in Clackamas County pursuant to OAR 291-100-0080(3)(g) for his Marion County cases. *** Additionally, the period of March 12, 2020, to April 24, 2020 is denied because [relator] was in [DOC] custody serving the sentence imposed in Clackamas County case number 18CR85288."

The trial court nonetheless determined that relator was entitled to the credit and issued a writ of mandamus and judgment directing defendant to give relator credit for 125 days on his Marion County sentences.

Defendant, the administrator of OISC, appeals, contending that the trial court erred in entering a writ of mandamus and ordering defendant to give relator credit for time served against his Marion County sentences when he had already received credit for that same time against sentences imposed in Clackamas County. Relator responds that the trial court acted within its authority to allow credit for the periods served in the Clackamas County jail and in DOC's custody under ORS 137.370(4), because, although that provision expressly does not allow credit for the time served by relator under the circumstances here, it also creates an exception if the trial court, in its discretion, expressly orders otherwise. Here, relator contends, the trial court expressly ordered otherwise; thus, relator contends, the credit should stand.[3] Defendant responds that the trial court's discretion under ORS 137.370(4) is not unbounded and must comply with other provisions relating to sentencing. Here, defendant contends, the trial court's ruling violates ORS 137.370 as well as the pertinent administrative rules.

---

[3] Defendant did not ask for a stay of the writ, and relator has been released from custody. If defendant prevails on appeal, relator will return to prison to serve an additional 125 days, and his term of post-prison supervision (PPS) will be adjusted.

ANALYSIS

On appeal of a writ of mandamus, we review the trial court's legal conclusions for errors of law. *State ex rel Curry v. Thompson*, 156 Or App 537, 541, 967 P2d 522 (1998), *rev den*, 328 Or 365 (1999). We agree with defendant that the trial court erred. Although ORS 137.370(4) allows the trial court, in its discretion, to grant an exception to the disallowance of credit in two circumstances (when the person is confined in jail (1) as the result of a sentence for a crime or conduct that is not directly related to the crime for which the sentence is imposed, or (2) for violation of the conditions of probation, parole or post-prison supervision), that discretion does not extend to the granting of an exception in circumstances other than those set forth in ORS 137.370(4). As defendant correctly argues, ORS 137.370(4) applies to persons confined *in jail*; thus, the exception for application of the trial court's discretion is limited to credit for time confined *in jail*.

Further, under OAR 291-100-0080(3)(e), an inmate of the DOC cannot receive credit against sentencing on additional charges for time awaiting trial or sentencing on those charges. That was the case here; while relator was in DOC custody, he was awaiting resentencing on his probation violation. For that additional reason, relator was barred from receiving credit for his time spent in DOC custody. Here, the trial court granted credit to relator for time spent in prison rather than in jail, from March 12 to April 24. That was outside the scope of the trial court's discretion.

There are other circumstances, not described in ORS 137.370, in which a credit is explicitly prohibited and, contrary to relator's argument, the trial court's discretion to create an exception does not extend to confinements in those circumstances. One of those circumstances is described in OAR 291-100-0080(3)(g), which prohibits credit for time served in custody "unless that custody is the sole result of the warrant/detainer."[4] Here, relator's custody from

---

[4] We note that in *Sanders v. Brown*, 300 Or App 74, 452 P3d 1032 (2019), we said that under ORS 137.370(2), a person may receive credit for time served only on related offenses. That would be an additional reason why, as OISC determined, credit would be excluded for the period during which relator was in DOC custody on the Clackamas County charges. *See also Mecham v. Hill*, 217 Or App

December 21, 2019 to April 24, 2020, was not solely the result of the probation violations. For that additional reason, relator was barred from receiving credit for that period. Finally, relator does not cite to us and we are not aware of any provision that would allow a person to receive credit twice for the same confinement. Here, the DOC had previously credited time spent in the Clackamas County jail against relator's Clackamas County sentences.

For the above reasons, we conclude that the trial court erred in granting credit to relator for time served from December 21, 2019 to April 24, 2020, in both the Clackamas County jail and in DOC custody, and we therefore reverse the trial court's ruling.

Judgment directing OISC to grant relator credit for 125 days on Marion County sentences reversed and remanded.

---

144, 174 P3d 1051 (2007) (We have construed ORS 137.370(4) to mean that "credit for time spent in custody between arrest and commencement of sentence under ORS 137.320 is to be given only for time spent in custody as the result of the charge or conduct that gave rise to the charge for which the sentence is later imposed").