Argued and submitted April 24, reversed and remanded June 3, 1992

## Robert WEEKS,
### Elva Weeks, Bill Beck and Elza Beck,
*Petitioners,*

*v.*

## CITY OF TILLAMOOK
### and Community Action Team, Inc.,
*Respondents.*

### (LUBA 91-110; CA A73903)

832 P2d 1246

Phillip E. Grillo, Portland, argued the cause and filed the brief for petitioners.

Douglas E. Kaufman, Tillamook, argued the cause and filed the brief for respondent City of Tillamook.

Neal C. Lemery, Rockaway Beach, filed the brief for respondent Community Action Team, Inc.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of LUBA's holding that an action by the Tillamook City Council was not an appealable "land use decision" and its ensuing transfer of the case to circuit court pursuant to ORS 19.230(4).

Petitioners oppose the construction and operation of a homeless shelter for which the city issued a conditional use permit to intervenor Community Action Teams, Inc. (CAT). Petitioners and others twice appealed to LUBA the granting of the permit. The first time, LUBA remanded the city's decision and, after the city's decision on remand, LUBA affirmed the granting of the permit. On judicial review, we affirmed LUBA. *Beck v. City of Tillamook*, 105 Or App 276, 805 P2d 144 (1991). The Supreme Court allowed review and, after the parties filed their briefs to us in the present case, it affirmed our decision in the main, but remanded for us to consider one issue.[1] 313 Or 148, 831 P2d 678 (1992).

While the review proceedings on the allowance of the permit were progressing, the one-year anniversary of the decision to grant it occurred, and petitioners filed a document "requesting [the city] Council to * * * either (1) direct staff to acknowledge the fact that the permit has indeed expired, or (2) specify why Council feels the permit has not expired and to authorize staff to continue the denial of the permit's expiration and proceed into Court to determine the permit's status." The filing cited section 34 of the city zoning ordinance, which provides, in relevant part:

"Any Planned Unit Development Permit, Conditional Use Permit, Home Occupation Permit, Change of Use Permit, or Variance granted in accordance with the terms of this Ordinance shall be deemed revoked if not used within one (1) year from the date of approval or such time as specified by the Planning Commission. Said permit shall not be deemed used until the applicant has actually obtained a building permit, and commenced construction thereunder."

Section 27(5)(c) of the ordinance provides:

"[A] conditional use permit shall become void after one year after approval, or after such greater or lesser times as may be specified as a condition of approval, unless within that time

---

[1] We have not yet decided the issue on remand.

the required building construction, alteration, or enlargement has been commenced and diligently pursued, or, if no such construction, alteration, or enlargement is required, unless the permit activity is being regularly conducted on the premises. Planning Commission may extend the permit for a period of one year."[2]

The matter was presented to the council at a meeting on June 3, 1991. It is not entirely clear what occurred at the meeting, but the preliminary discussion apparently took place in executive session. After the regular meeting was resumed, the council members were polled and, on the basis of the stated view of each of the five members, the minutes of the meeting recite that "[i]t was the consensus of Council that the conditional use permit is still valid." Petitioners appealed to LUBA from the decision reflected by that entry in the minutes. The city and CAT moved to dismiss the appeal, and LUBA granted the motion. The capstone of its reasoning was:

"Here, nothing indicates any motion was made concerning petitioners' request that the conditional use permit be revoked, or that any vote was taken on that request. Petitioners' summary of the tapes of the city council meeting reflect that individual councillors gave their impression of the validity of the conditional use permit, and that the mayor articulated the 'consensus' of the council concerning the conditional use permit. The minutes reflect the 'consensus' of the council. However, neither the minutes nor the summary of the tape establishes the city made a final determination concerning whether the conditional use permit should be revoked.[8] Rather, the minutes and the summary of the tape of the June 3, 1991 council meeting indicate that only an advisory opinion was given that did not bind the city to take any particular course of action concerning whether the conditional use permit was valid.

---

"[8] Similarly, we do not believe a decision not to make a decision on petitioners' request is itself a land use decision subject to our review, as petitioners suggest."

---

[2] On the merits, the city takes the view that the permit will not actually be issued until the appellate review process is completed. It also offers other reasons why the permit has not expired. Although petitioners and the city discuss the merits of the city's decision at some length in their arguments, the merits are not before us.

■■ This is not a situation of the kind contemplated in *Owen Development Group, Inc. v. City of Gearhart*, 111 Or App 476, 826 P2d 1016 (1992), or *Terraces Condo. Assn. v. City of Portland*, 110 Or App 471, 823 P2d 1004 (1992), where "advisory" interpretations of earlier land use decisions were sought from the cities. Petitioners here requested a direct application of a land use regulation, *i.e.*, sections 27 and 34 of the zoning ordinance, to a discrete land use question, and the city council's minutes state an answer to that question. In other words, a land use decision, as defined in ORS 197.015(10)(a)(A), was sought and one was made. It is not consequential that the decisive language was prefaced by the words "consensus of Council."

We do not agree with LUBA that the decision was not final or that it was merely advisory. The minutes give a clear and decisive answer to a clear question.[3] LUBA's opinion suggests that the procedures that the city followed were deficient and that the cursory notation in the minutes falls well short of the necessary contents for land use decisions. If so, however, we reiterate that "any procedural defects in a land use decision are reviewable exclusively by the land use appeal process." *Sauvie Island Agricultural v. GGS (Hawaii), Inc.*, 107 Or App 1, 7, 810 P2d 856 (1991). The existence of such defects does not mean that there is no land use decision that can be appealed to LUBA; rather, it means that there is a potentially reversible land use decision, if the defects are assigned as error in the appeal.[4]

Reversed and remanded.

---

[3] In addition to the facts that we have stated, there are other indications in the record that the council understood that a "decision" was contemplated. For example, at a meeting in May, the matter was deferred because the council members felt that more time was needed "to review the information and make a decision." Also, before retiring to executive session at the June meeting, one of the members disclosed a possible conflict of interest. That action indicates that the members were of the view that there was a decision to be made.

[4] Some of the parties express concern that treating petitioners' filing as an application for a land use decision can lead to repetitive requests for and the need for repetitive land use decisions regarding the status of a permit. To the extent that there is a foundation for that concern, it resides in the city's ordinance, which it has the power to amend. In any event, as *Beck v. City of Tillamook, supra*, illustrates, our decisions and those of the Supreme Court have construed the statutory scheme consistently with its emphasis on the timeliness and finality of decisions. We are confident that gamesmanship of the kind feared can be dealt with if it occurs.