886 P.2d 1095 (1994)
131 Or. App. 578
STATE ex rel. J.C. REEVES CORPORATION, an Oregon corporation, and Classic Heights Development Partnership, Appellants,
v.
CITY OF PORTLAND, a Municipal corporation, Respondent.
9310-06861; CA A83118.
Court of Appeals of Oregon.
Argued and Submitted November 4, 1994.
Decided December 14, 1994.
William C. Cox, Portland, argued the cause and filed the briefs for appellants.
*1096 Terence L. Thatcher, Deputy City Atty., argued the cause and filed the brief for respondent.
Before WARREN, P.J., RICHARDSON, C.J. and LANDAU, J.
RICHARDSON, Chief Judge.
In 1991, the City of Portland granted the application of plaintiffs' predecessor in title for a planned unit development (PUD). The approval was made subject to a number of conditions, including condition H. The city's decision was not appealed to LUBA. In 1993, plaintiffs brought this mandamus action, seeking to compel the city to issue permits and in other ways implement the 1991 decision with condition H deleted from it. Plaintiffs contend that the underlying standards and criteria that the condition embodies were not in effect when the PUD application was submitted; therefore, plaintiffs reason, the city's imposition of the condition was contrary to ORS 227.178(3), which generally requires the approval or denial of permit applications to be based on standards and criteria that existed at the time of submission. Plaintiffs also assert that the condition violates provisions of the city's comprehensive plan or land use regulations.
The trial court granted the city's motion to dismiss. The apparent principal basis for the ruling was that the city's 1991 action was a land use decision, which LUBA had exclusive jurisdiction to review, and the substance of the present action is a collateral attack on the city's 1991 decision. Plaintiffs appeal and contend that the circuit court had jurisdiction under ORS 197.825(3)(a), which provides that notwithstanding LUBA's exclusive jurisdiction to review land use decisions, the circuit courts retain jurisdiction:
"(a) To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations."[1]
We have repeatedly held that circuit court jurisdiction under ORS 197.825(3)(a) is very limited in nature, and the clearest of the situations in which it does not arise is where the essence of the claim is that there was error in a land use decision that was or could have been reviewed through the LUBA process. See City of Oregon City v. Mill-Maple Properties, Inc., 98 Or.App. 238, 779 P.2d 172 (1989).
There is no doubt that the city's 1991 decision was appealable to LUBA or that, had it been appealed, any asserted error about condition H could have been reviewed. Plaintiffs argue that, notwithstanding that, condition H is void and invalid and that ORS 197.825(3)(a) is available as a means of "enforcing" state and city land use laws by having the invalidity of the condition declared. Plaintiff's argument depends on a radicaland may be ingeniousmisreading of our cases construing ORS 197.825(3)(a). We reiterate that recourse to circuit court under that statute is not permissible in order to obtain what amounts to a holding that a land use decision that was appealable to LUBA is erroneous. That is precisely the relief that plaintiffs seek here, and the trial court correctly held that it lacked jurisdiction to provide it.[2]
Plaintiffs' remaining arguments call for no discussion.
Affirmed.
NOTES
[1] It is important to emphasize that this is not a mandamus action brought under ORS 227.178(7). See State ex rel Compass Corp. v. City of Lake Oswego, 319 Or. 537, 878 P.2d 403 (1994).
[2] Nothing in this opinion should be read to imply that jurisdiction does or does not exist under ORS 197.825(3)(a) in circumstances that do not duplicate those of this case. There is no need for us to restate generally the lines between LUBA and circuit court jurisdiction in this case, because it presents the clearest possible situation where circuit court jurisdiction does not exist. As indicated in the text, plaintiff is simply seeking judicial relief from a land use decision that was subject to LUBA's review and was not appealed to LUBA.