Argued and submitted August 1, affirmed September 10, 1997

## MAR-DENE CORPORATION,
*Respondent,*

*v.*

## CITY OF WOODBURN,
*Petitioner,*

*and*

Robert A. JENSEN
and Shirley Jensen,
*Respondents.*

(LUBA Nos. 96-136, 96-219; CA A98032)

944 P2d 976

N. Robert Shields argued the cause and filed the brief for petitioner.

Bill Kloos argued the cause for respondent Mar-Dene Corporation. With him on the brief was Allen L. Johnson.

No appearance for respondents Robert A. Jensen and Shirley Jensen.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DEITS, C. J.

## DEITS, C. J.

Respondent Mar-Dene Corporation (Mar-Dene) operates a Wendy's restaurant in the City of Woodburn. Mar-Dene appealed to LUBA from the city council's 1996 decision that an access condition that was part of the city's 1992 site plan approval for respondent Jensens' proposed Holiday Inn Express Motel had been "substantially complied with" and that the city could "legally take no further action to enforce" the condition. LUBA concluded that the city's 1996 decision was not a "land use decision" subject to LUBA's jurisdiction and that the matter was instead subject to the circuit court's jurisdiction over enforcement proceedings.[1] Consequently, LUBA transferred the case to circuit court pursuant to ORS 19.230(4) and OAR 661-10-075(11)(a).[2] The city seeks review of LUBA's decision, contending that LUBA erred in holding that it lacked jurisdiction and in transferring the case. We affirm.[3]

The 1992 site plan approval included the following condition 4:

"ACCESS: The affected property owners as described in Section E, subsection 1 (a-e) of the staff report shall prepare an agreement that meets City and State Highway Division approval prior to the issuance of a building permit for the Holiday Inn Express."

The "affected property owners" included Mar-Dene, whose restaurant is adjacent to the motel. The portions of the staff report that were incorporated into the condition pointed to a need for reducing the potential disruption of through traffic

---

[1] The relevant provisions here are ORS 197.015(10)(a)(A) and ORS 197.825(3)(a). The former defines "land use decision" to include "final decision[s] or determination[s]" by local governments "that [concern] the * * * application of" a comprehensive plan provision or land use regulation. The latter provides that, notwithstanding LUBA's exclusive jurisdiction over the review of land use decisions, the circuit courts retain jurisdiction to grant "declaratory, injunctive or mandatory relief in proceedings * * * brought to enforce the provisions of an adopted comprehensive plan or land use regulations."

[2] LUBA simultaneously dismissed a consolidated appeal for lack of jurisdiction (LUBA case no. 96-136). No issue about LUBA's disposition of that appeal is raised here, and our discussion in the text pertains only to LUBA case no. 96-219.

[3] The Jensens have not appeared here.

on Highway 214 that would result from the proposed development, together with existing access points on the Mar-Dene and other nearby properties. To deal with that problem, the report recommended and the condition required that some existing access points be eliminated or modified, and that alternative means and measures be taken, *inter alia*, to provide access to or in the immediate vicinity of the restaurant.

The "affected" parties did not reach the agreement contemplated by condition 4. Consequently, as described in the city's 1996 decision:

> "After it became apparent that this access agreement could not be reached, Planning Staff brought this issue to the Planning Commission by a memo dated August 5, 1993. The issue was discussed briefly by the Commission with staff at the August 12, 1993 meeting and a consensus was reached not to enforce this condition."

The day after the planning commission meeting that resulted in "a consensus" not to enforce the condition, the city issued a building permit for the Holiday Inn facility, notwithstanding the express provision of the condition that the agreement be prepared and that it be approved by city and state authorities before a building permit could be issued. Construction of the facility has since been completed.

Thereafter, as described in LUBA's opinion:

> "On August 17, 1995, the planning commission initiated a proceeding to reconsider its August 12, 1993 decision not to enforce the condition. After notice and two public hearings, the planning commission concluded that it had jurisdiction over the enforcement of Condition 4 because it was making a discretionary determination under the Woodburn Zoning Ordinance (WZO). The planning commission also concluded that Condition 4 had been substantially complied with." (Footnote omitted.)

The commission's action was appealed to the city council, and the council's resulting decision is the one from which the present appeal to LUBA and petition for judicial review to us were brought.

LUBA concluded that the city's 1996 decision was neither a direct application of city comprehensive plan provisions or land use regulations, nor was it an interpretation of the 1992 decision that came within LUBA's jurisdiction because it "necessarily involve[d] the application of [the city] land use standards" under which the earlier decision was made.[4] *See Terraces Condo. Assn. v. City of Portland*, 110 Or App 471, 823 P2d 1004 (1992). LUBA continued:

> "The city's 1992 site plan approval involved the exercise of judgment and the application of the WZO. There can be no dispute that it was a land use decision or limited land use decision. The challenged decision purports to interpret Condition 4, which was part of the 1992 approval. To the extent there has been an interpretation of Condition 4, we have jurisdiction to consider that interpretation if it necessarily involves the application of land use standards.

> "The determination in the challenged decision that Condition 4 has been substantially complied with is not based on the interpretation and application of land use regulations, but on the conclusion that at least some parts of Condition 4 have been complied with. The fact that [certain parts of] Condition 4 * * * were not complied with is acknowledged, but noncompliance is explained and excused [according to the council] by constitutional [takings] concerns and the statement that 'Wendy's * * * refused to pay Holiday Inn Express for a pro rata share of the Evergreen Road extension improvement, but still wants to be given an installed driveway.' Although these could be relevant considerations during enforcement proceedings, they do not proceed from the interpretation and application of land use regulations. Therefore, we have no jurisdiction over the challenged decision." (Footnote omitted.)

We agree with LUBA's conclusion. In *Wygant v. Curry County*, 110 Or App 189, 192, 821 P2d 1109 (1991), we said that ORS 197.825(3)(a)

---

[4] LUBA noted in this and other connections that the parties had not addressed whether the 1992 decision was a land use decision or a limited land use decision. However, LUBA also noted that that distinction was irrelevant to the jurisdictional issue before it. *See* ORS 197.015(12). We agree.

"provides a procedure for the local government and others to enforce a government's plan and regulations under circumstances where the land use decision-making process is not available for that purpose."

*See also Doughton v. Douglas County,* 90 Or App 49, 750 P2d 1174 (1988). The city's action here was essentially a decision to take no action through the land use decision-making process concerning a condition that had previously been imposed pursuant to the city's land use regulations and that had not been satisfied according to its terms. Consequently, this case comes squarely within our description in *Wygant* of the appropriate occasion for the invocation of the judicial enforcement procedure.

Conversely, this is not a case like *Weeks v. City of Tillamook,* 113 Or App 285, 832 P2d 1246 (1992), or *Terraces Condo. Assn.,* which the parties cite to us or cited to LUBA as examples of atypical local government actions that we held were reviewable by LUBA as land use decisions. In *Weeks,* the opponents of a previously approved development sought a determination by the city that its earlier approval had expired or lapsed. Although the decision that the city made in response entailed a conclusion about the status of the earlier approval, it also involved the direct application of two provisions of the city's land use regulations relating to the duration or continuity of approvals or permits when the approved development had not been initiated or completed. Accordingly, we concluded that the city's decision was subject to LUBA's jurisdiction under ORS 197.015(10)(a)(A).[5]

In *Terraces Condo. Assn.,* we arrived at the same conclusion, with respect to a "declaratory" ruling by the City of Portland that purported to interpret earlier land use decisions that allowed a particular use on a particular parcel as also permitting essentially the same use on the remnant of the parcel after it had been divided and part of it had been conveyed. We held that the interpretive ruling was a reviewable land use decision, *inter alia,* because, under the circumstances, the subsequent interpretive decision necessarily involved an application of the land use regulations under

---

[5] The city here relies on *Weeks* for a somewhat different point, which we find to have little bearing on the jurisdictional question before us.

which the earlier decisions that it purported to interpret had been made.[6] Therefore, it was a "land use decision" under ORS 197.015(10)(a)(A).

However, along with those other factors that were present in the other cases and are not present here, the critical way in which this case differs from *Weeks* and from *Terraces Condo. Assn.* is that the cities' decisions in those cases had the direct effect of determining whether a use could be conducted, and the decisions were responsive to applications or other filings that sought determinations about whether the uses were permissible. Here, conversely, the city has not directly allowed or proscribed anything: rather, it has held that it will take no action to enforce a previously imposed developmental condition that has not been fully satisfied, and the satisfaction of which is a prerequisite to the issuance of a building permit that the city has already issued for a development that has already been built.

In *Doughton*, we said of an argument that is analogous to the one the city makes here:

> "Carried to its logical extreme, the county's argument would make *any* enforcement proceeding against a local government—which was intent on avoiding it—impossible. All that the governmental body would have to do to prevent judicial enforcement would be to promulgate 'decisions,' *ad infinitum*, reiterating its intention to tolerate noncompliance." 90 Or App at 54 (emphasis in original).

We agree with LUBA that the city's action does not come within its jurisdiction as a "land use decision." We also agree with LUBA that the circuit court has jurisdiction over the matter under ORS 197.825(3)(a), and that the case must therefore be transferred to that court pursuant to ORS 19.230 and OAR 661-10-075(11)(a). Condition 4 was imposed

---

[6] Our reasoning and holding in *Terraces Condo. Assn.* turned in large measure on the circumstances of that case. *Compare Owen Development Group, Inc. v. City of Gearhart*, 111 Or App 476, 826 P2d 1016 (1992).

We also emphasize that, unlike the situation in this case, *Terraces Condo. Assn.* did not present the jurisdictional question in the alternative form that we have here, *i.e.*, if LUBA lacks jurisdiction under ORS 197.015(10)(a), the matter comes within the circuit court's jurisdiction under ORS 197.825(3)(a). In *Terraces Condo. Assn.*, the options were to view the city's action as a reviewable land use decision or as something that fell outside the jurisdiction of both forums.

pursuant to the city's land use regulations, and the questions of whether it has been or must be complied with are subsumed within the circuit court's jurisdiction to enforce the land use regulations.[7] *See Terraces Condo. Assn.*, 110 Or App at 477.

The city also argues that its governing body's decision included an interpretation of the jurisdictional provisions of the city's land use legislation, as giving the council the authority "to address the interpretation and potential enforcement or non-enforcement of Condition No. 4." The city asserts that LUBA erred by not applying ORS 197.829 and *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), and deferring to the council's interpretation that it possesses that jurisdiction under the local ordinance. In our view, however, the relevant jurisdictional question here is one of state law, and no deference is due to the city's answer. *Forster v. Polk County*, 115 Or App 475, 839 P2d 241 (1992).

Affirmed.

---

[7] As LUBA also suggested, we expressly note that nothing in our opinion reflects on the merits of the defenses that the city might interpose in an enforcement action.