Argued and submitted August 2, reversed and remanded with instructions
December 5, 2001

## STATE ex rel COASTAL MANAGEMENT, INC.;
Peter Bartell; and Linda Bartell,
*Respondents,*

*v.*

## WASHINGTON COUNTY,
a municipal corporation of the State of Oregon,
*Appellant.*

C990108CV; A111565

36 P3d 993

Alan A. Rappleyea, Sr., Assistant County Counsel, argued the cause for appellant. With him on the briefs was Washington County Counsel.

Duane A. Bosworth argued the cause for respondents. With him on the brief was Davis Wright Tremaine LLP.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

## BREWER, J.

Washington County (the county) appeals from a trial court judgment issuing a peremptory writ of mandamus. The writ required the county to extend the duration of relators'[1] preliminary subdivision plat approval beyond the two-year limit specified in the county's development ordinance.[2] The county asserts that the trial court erred in denying its motion to dismiss relators' petition for a writ of mandamus on the ground that the county's rejection of relators' request for an extension of the preliminary approval was a land use decision subject to review exclusively by the Land Use Board of Appeals (LUBA). The issue on appeal, then, is whether the trial court or LUBA had jurisdiction to review the county's rejection of relators' request for an extension of time. We review that issue for errors of law. *Kirschbaum v. Abraham*, 267 Or 353, 355, 517 P2d 272 (1973); *Haas v. Hathaway*, 144 Or App 478, 480, 928 P2d 331 (1996). We reverse and remand.

In 1996, relators brought a mandamus action against the county pursuant to ORS 215.428(7)(b) (1995).[3] Under that statute, an applicant whose completed application for a development permit or other approval was not acted on by the county government within 120 days could apply to the circuit court in that judicial district for a writ of

---

[1] Relators are Coastal Management, Inc., Peter Bartell and Linda Bartell.

[2] The county's Community Development Code (CDC), section 201-4.1, provides that a preliminary plat approval expires two years after issuance unless the applicant has commenced development or obtained an extension of time.

[3] ORS 215.428 (1995) provides, in part:

"(7) Except when an applicant requests an extension under subsection (4) of this section, if the governing body of the county or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete:

"* * * * *

"(b) The applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015. The writ may specify conditions of approval that would otherwise be allowed by the county comprehensive plan or land use regulations."

mandamus to compel the county to issue the requested permit. The statute required the issuance of a writ of mandamus unless the local government could show that approval of the permit would result in violation of a substantive provision of the county's comprehensive plan or land use regulations. Relators alleged that the county had exceeded the 120-day time limit allowed under ORS 215.428(1) (1995) to approve or deny the permit request.[4] The trial court agreed and, in December 1996, entered a judgment, including a peremptory writ of mandamus, commanding the county to issue the approval permit. On January 28, 1997, the county issued the preliminary plat approval permit in compliance with the court's mandate but appealed the judgment to this court. In *State ex rel Coastal Management v. Washington Cty.*, 159 Or App 533, 979 P2d 300 (1999), we affirmed.

Relators did not pursue final plat approval or commence development after initially receiving the preliminary plat approval but, instead, relied on what they understood to be the county's undocumented practice of automatically tolling the time to accomplish those steps until the conclusion of all appeals. They did so notwithstanding the county's CDC section 201-3.3, which provides that, if an approval is appealed, the development permit shall issue and it is the responsibility of the person appealing to "seek appropriate judicial remedies [to halt] action on the permit." That provision also states that the permit holder "shall proceed at the Permit holder's own risk and shall be deemed to have expressly assumed all risk of proceeding and shall save and hold harmless [the county] from any responsibility or liability for proceeding with development."

In December 1998, almost two years after the preliminary plat approval in this case was issued, the county's Board of Commissioners issued a "non-binding" interpretation of CDC section 201-3.3, determining that, under that provision, the two-year time limit for preliminary plat

---

[4] ORS 215.428 was renumbered in 1999. The current statute, ORS 215.427(1), requires, with certain exceptions not relevant here, that a county governing body (or its designee) take final action on an application for a permit within 120 days after the permit application is complete. If the county fails to do so, ORS 215.429(1) provides that the applicant may file a petition for a writ of mandamus to compel the county decision making body to issue the requested approval.

approvals continues to run during the pendency of an appeal. Although an assistant county counsel orally advised relators' attorney that the approval permit would soon expire, relators testified that they were not informed of the county's new interpretation until more than three weeks after the board adopted it. On January 7, 1999, relators' counsel requested that the county either confirm that the two-year period was tolled during the course of the county's appeal or extend the duration of the preliminary plat approval until the conclusion of the appeal.

In a January 11, 1999, letter to relators' attorney, the county counsel's office confirmed its earlier oral notice that the preliminary plat approval permit would expire on January 28, 1999, citing CDC section 201-4. The letter also mentioned the possibility of an extension under CDC section 201-5 (allowing an extension of the duration of a permit for a maximum of two years).[5] In a letter dated January 20, the assistant county counsel again advised relators' attorney that the permit would expire on January 28, 1999. The letter acknowledged that relators could request an extension of time but referred again to CDC section 201-5, a process with which relators believed it was impossible to comply. The parties do not refer us to any further correspondence or document identified as a decision or order on the extension request.

Relators did not appeal the county's failure to grant their extension request to LUBA pursuant to ORS 197.825 through ORS 197.835. Instead, relators filed the present action for a peremptory writ of mandamus to compel the county to treat their preliminary plat approval as extending for two years following the conclusion of the county's appeal of the prior mandamus judgment. The trial court granted the

---

[5] In order to grant an extension, CDC section 201-5 requires the Board of Commissioners to find that: (a) commencement of development could not practically occur for reasons beyond the reasonable control of the permit holder; (b) the request is not sought in order to avoid any code responsibility; (c) there has been no change in circumstances or the law that is likely to necessitate significant modification of the approval or conditions of approval; and (d) for residential development, the density must be consistent with the density requirements of the primary zoning district.

requested relief, rejecting the county's assertion that its failure to grant the extension was a land use decision subject to LUBA's exclusive review jurisdiction under ORS 197.015(10) and ORS 197.825. This appeal followed.

■ ORS 197.825(1) provides that "the Land Use Board of Appeals shall have exclusive jurisdiction to review any land use decision or limited land use decision of a local government, special district or a state agency in the manner provided in ORS 197.830 to 197.845." ORS 197.015(10) defines "land use decision" to include final decisions or determinations of a local government that concern the adoption, amendment or application of a local government land use regulation. A "land use regulation," in turn, "means any local government zoning ordinance, land division ordinance adopted under ORS 92.044 or ORS 92.046 or similar general ordinance establishing standards for implementing a comprehensive plan." ORS 197.015(11). It is undisputed that the CDC is a land use regulation within the meaning of ORS 197.015(11). The CDC not only governs the approval of preliminary and final subdivision plat requests, it also sets out procedures for approvals, including time limits on the duration of approvals, extensions of time limits, and other related matters. Accordingly, a decision under the CDC concerning the expiration of a permit approval, such as a preliminary plat approval, is a "land use decision" under ORS 197.015(10).

■ The scope of LUBA's review also extends to matters involving compliance with state and local land use standards, procedure and evidentiary support for a decision, and to other legal issues such as jurisdiction, construction of law, and the constitutionality of a decision. ORS 197.835(5); ORS 197.835(9)(a)(B). Therefore, procedural issues, such as whether a local government effectively made a reviewable decision on a land use matter, also are within the scope of LUBA's review. *See Weeks v. City of Tillamook*, 113 Or App 285, 289, 832 P2d 1246 (1992) (holding that any procedural defects in a land use decision are reviewable exclusively through the land use appeal process).

■ LUBA's jurisdiction is subject to certain limitations. Under ORS 197.825(3)(a), for example, a circuit court retains

jurisdiction to "grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations." However, in *State ex rel J.C. Reeves Corp. v. City of Portland*, 131 Or App 578, 580, 886 P2d 1095 (1994), *rev den* 320 Or 569 (1995), we reiterated that

> "[w]e have repeatedly held that circuit court jurisdiction under ORS 197.825(3)(a) is very limited in nature, and the clearest of the situations in which it does *not* arise is where the essence of the claim is that there was an error in a land use decision that was or could have been reviewed through the LUBA process." (Emphasis in original.)

Relators do not contend that the trial court had jurisdiction to review the county's decision under ORS 197.825(3)(a). Instead, relators argue that the county's failure to grant the requested extension amounted to a procedurally flawed attempt to subvert the prior mandamus judgment requiring the county to issue the preliminary plat approval. According to relators, the county's decision was not a land use decision subject to LUBA's review but, rather, was an act in defiance of that judgment and therefore was subject to judicial review pursuant to the court's inherent authority to uphold its judgments and its statutory authority to enforce its judgments pending an appeal. ORS 19.270(1)(b).

Relators initially observe that, if the county's decision had been made a few months later, it would have been governed by the versions of ORS 197.015(10)(e)(B) and ORS 215.429(2) that were enacted in 1999. ORS 197.015(10)(e)(B) excludes from the definition of a "land use decision" subject to LUBA's review, "[a]ny local decision or action taken on an application subject to ORS 215.427 or 227.178 after a petition for a writ of mandamus has been filed under ORS 215.429 or 227.179."[6] ORS 215.429(2) provides that the local governing body retains jurisdiction to make a land use decision on the application "until a petition for a writ of mandamus is filed."

---

[6] ORS 227.178 and ORS 227.179 provide the same mandamus remedy for delayed city land use decision making as ORS 215.427 and ORS 215.429 provide for delayed county land use decision making.

Once a petition is filed, "jurisdiction for *all* decisions regarding the application, including settlement, shall be with the circuit court." *Id.* (emphasis added). Relators acknowledge that the foregoing statutes had not been enacted when the challenged decision was made in this case, but they argue nonetheless that the trial court had jurisdiction to prevent the county from circumventing the original mandamus judgment.

Relators note that the county's new interpretation of its code came shortly before the two-year anniversary of the original mandamus judgment. Relators' attorney learned of the imminent expiration of the preliminary plat approval through an informal contact with an assistant county counsel. According to relators, the assistant county counsel stated that the county had not applied the code provision governing expiration of preliminary approvals "consistently." Relators also assert that the county did not notify them that it had reversed its prior practice regarding tolling of CDC section 201-4.1 for three weeks after it made the decision. They complain that, when they received county counsel's written confirmation of the new interpretation warning that relators' preliminary plat was about to expire, there was inadequate time for relators to prepare a final plat for submission. In addition, the county's decision to deny the extension request was not memorialized in a written order or other document purporting to convey a decision. Relators question whether the county ever did, in fact, effectively deny their extension request.

Although the foregoing course of events may explain relators' consternation, relators cite no precedent supporting their view that the county lacked authority to control the permit it issued pursuant to circuit court mandate. As noted, ORS 197.015(10)(e)(B) and ORS 215.429(2) were not in effect when the county made the challenged decision.[7] Conceding that fact, as they must, relators rely on *Murphy Citizens Advisory Com. v. Josephine County*, 325 Or 101, 934 P2d 415 (1997), which held that under ORS 197.015(10)(d)(B) (1995), a "land use decision" does not include "[a] local land use

_____

[7] Because those statutes are inapplicable here, we have no present occasion to consider whether they would require a different result from the one we reach.

approval [issued] in response to a writ of mandamus." However, ORS 197.015(10) (1995) did not divest the county of authority to take further action with respect to a permit issued pursuant to a writ of mandamus *after* the county had fulfilled the mandate by approving the permit. Stated another way, the county satisfied the trial court's mandate when it issued the preliminary plat approval for relators' proposed subdivision. The mandate did not govern other requirements applicable to such approvals, such as requirements for extensions, the deadline for issuance of a final plat, or the commencement of development. Thus, the county's action was not subject to the exclusion of ORS 197.015(10)(d)(B) (1995), as construed in *Murphy Citizens Advisory Com.*

Nor does ORS 19.270(1)(b), which authorizes a court to enforce its judgments pending appeal, assist relators. When the county approved the preliminary plat, nothing remained over which the court needed to retain enforcement jurisdiction. We also reject relators' assertion that the trial court retained inherent power to require the county to extend the duration of the preliminary plat approval. There is no necessary judicial function flowing from the court's authority to issue the mandate under ORS 215.428(7) (1995) for which the legislature has failed to provide explicit authority. *See Ortwein v. Schwab*, 262 Or 375, 385, 498 P2d 757 (1972) (holding that the doctrine of inherent judicial authority is the source of power to perform a judicial function for which the legislative branch failed to provide fully).

Finally, relators' concern that the county's rejection of its request for an extension was procedurally flawed does not affect LUBA's jurisdiction. *Weeks*, 113 Or App at 289. LUBA's authority depends on the nature of the action to be reviewed, not on how well it was executed or, for that matter, whether it was effectively executed. The county's decision not to extend the preliminary plat approval constituted a land use decision, review of which was subject to LUBA's exclusive jurisdiction under ORS 197.825(1).

Reversed and remanded with instructions to vacate peremptory writ of mandamus and dismiss relators' petition.