Argued and submitted October 19, remanded for resentencing; otherwise affirmed
December 7, 1988

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD JAMES CARNEY,
*Appellant.*

(87-1063-K; CA A47969)

765 P2d 232

J. P. Harris, II, Salem, argued the cause and submitted the brief for appellant.

Janet Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was charged with driving under the influence of intoxicants (DUII). ORS 813.010. After denying his motion to suppress evidence, the court found defendant guilty on stipulated facts and imposed a three-year suspension of his driver's license. On appeal, defendant assigns as error the court's denial of his motion to suppress, its admission of additional state evidence regarding that motion after denying defendant's motion to reconsider and the three-year suspension of his driving privileges.

■     Defendant's arguments with respect to his motion to suppress are without merit. Defendant is correct, however, in asserting that the trial court exceeded its authority when it suspended his driver's license for three years. ORS 813.400(2)[1] provides that an individual's driver's license may be suspended for DUII in accordance with Schedule II of ORS 809.420, which provides:

"The suspension or revocation periods under Schedule II are as provided in this subsection. The period of suspension or revocation under this schedule shall be:

"(a)   One year for a first offense or for any offense not described in paragraph (b) of this subsection.

"(b)   Three years for a second or subsequent offense, where the second or subsequent offense was *committed* within five years of a prior *conviction*." (Emphasis supplied.)

At the time of sentencing, defendant had been convicted of DUII four times between 1980 and 1982. He also had been convicted of DUII in Linn County on May 18, 1988, just three days before the sentencing in this case. However, on July 14, 1987, when defendant *committed* the present offense, his most recent DUII conviction had occurred on May 15, 1982, more than five years before. Because ORS 809.420(2) requires

---

[1] ORS 813.400(2) provides, in part:

"Driving any vehicle upon any highway or on premises open to the public while under the influence of intoxicants constitutes grounds for suspension of driving privileges. The following apply to this section:

"* * * * *

"(2)   The suspension shall be for a period described under Schedule II of ORS 809.420, except the division shall not reinstate any driving privileges to the person until the person complies with future responsibility filings."

that the length of suspension be based on a defendant's record at the time when he committed the offense, the court's sentence exceeded that allowed by statute.

■■ The state concedes that the sentence was not authorized. It nevertheless contends that we should not consider defendant's argument on appeal because he failed to preserve it at trial level. However, we may take notice of an error of law apparent on the face of the record, despite defendant's failure to preserve it. ORAP 7.19(5). When a sentence exceeds the maximum allowed by law, we are bound to direct the lower court to impose the correct punishment. ORS 138.040; *see* *State v. Leathers,* 271 Or 236, 240, 531 P2d 901 (1975).

Remanded for resentencing; otherwise affirmed.