Submitted on record and briefs May 30, affirmed July 11, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NEAL EDWARD TERRY,
*Defendant-Appellant.*

Lane County Circuit Court
210422808; A129021

162 P3d 372

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for one count of driving under the influence of intoxicants (DUII). ORS 813.010. His sole contention on appeal is that the statute that defines the offense of which he was convicted violates his right to equal privileges and immunities guaranteed by Article I, section 20, of the Oregon Constitution. We affirm.

The relevant facts are not in dispute. Defendant drove a vehicle on a public street while intoxicated. He was arrested and charged with misdemeanor DUII and ultimately pleaded guilty to the charge. He has two prior DUII convictions.

At sentencing, the state contended that the court was required to revoke defendant's driving privileges permanently under ORS 809.235(1)(b) (2003), *amended by* Or Laws 2005, ch 436, § 1, which provided that "[t]he court shall order that a person's driving privileges be permanently revoked if the person * * * is convicted of misdemeanor driving while under the influence of intoxicants under ORS 813.010 for a third time." Defendant argued that the statute is unconstitutional. According to defendant, because the statute applies only to persons who have been convicted three times under the Oregon statute, it would not apply to people from another state with prior convictions under the law of that state, while it would apply to Oregon residents with prior convictions under the laws of this state. That, argued defendant, amounts to unlawful differential treatment on the basis of residence. The trial court rejected the argument and permanently revoked defendant's driving privileges.

On appeal, defendant reprises his contention that the statute runs afoul of Article I, section 20, in that it treats persons differently on the basis of their residence. The state responds that the statute does not, in fact, treat people differently on the basis of residence and, even if it did, the different treatment is sufficiently rational to survive constitutional scrutiny.

Article I, section 20, of the Oregon Constitution provides that "[n]o law shall be passed granting to any citizen or

class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens." The provision has been held to guarantee equality of privileges to each individual citizen as well as to "classes" of citizens. *State v. Clark*, 291 Or 231, 239, 630 P2d 810 (1981). In this case, defendant contends that he is a member of a class of citizens that has been subjected to disparate treatment on the basis of residence.

The "classes" of persons entitled to protection under Article I, section 20, are those defined in terms and characteristics apart from the statute that is being challenged. *MacPherson v. DAS*, 340 Or 117, 129, 130 P3d 308 (2006). In that regard, the Supreme Court's opinion in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145 (1997), is instructive. *Huddleston* was a mandamus action in which a defendant in the underlying criminal action challenged the constitutionality of 1994 Ballot Measure 11, a statute codified at ORS 137.700 that, among other things, requires the imposition of mandatory minimum sentences for persons who have been convicted of certain criminal offenses. The defendant argued that the statute violated Article I, section 20, because it treats offenders differently depending on the nature of their convictions and prior criminal records. The court rejected the argument on the ground that there was no differentiation in treatment among any cognizable "class" of persons:

"Measure 11 mandates the same minimum sentence for everyone who commits a particular crime. The fact that some such persons have committed crimes in the past that place them in a position under the felony sentencing guidelines that is less favorable than the position that they occupy under Measure 11 does not create 'classes' for Article I, section 20, purposes. A criminal defendant is responsible not only for having committed the crime that calls Measure 11 into play, but also for having accumulated a prior criminal history. In other words, every person had the opportunity to remain in the allegedly favored class by obeying the law. Thus, the classification on which [the criminal defendant] relies is not based on factors beyond the criminal defendant's control."

*Id.* at 610.

In this case, defendant contends that ORS 809.235(1)(b) (2003) violates Article I, section 20, because it treats persons differently based on their residence. We disagree. To begin with, although residence may be a cognizable class for the purposes of Article I, section 20, *see, e.g.,* *Sherwood School Dist. 88J v. Washington Cty. Ed.,* 167 Or App 372, 386-87, 6 P3d 518, *rev den,* 331 Or 361 (2000) (holding that voters subject to disparate treatment on the basis of geographical residence constituted a true class), it is not clear to us that the statute challenged in this case treats persons differently on the basis of their residence. The statute distinguishes on the basis of where the person committed the offense, not on the basis of where the person who committed the offense resides. Apart from that, however, it is clear that the class of persons who defendant contends are disadvantaged under the statute is not a "true class" under Article I, section 20. As in *Huddleston,* in this case, defendant is responsible for having committed the offense on which he is being sentenced. And, as in *Huddleston,* the classification on which he relies is thus not based on factors that are beyond his control.

We conclude that the trial court did not err in permanently revoking defendant's driving privileges. Defendant advances other arguments, which we reject without discussion.

Affirmed.