Submitted on record and briefs May 30, affirmed August 1, petition for review
denied December 26, 2007 (343 Or 690)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DONALD JOE NAVE, JR.,**
*Defendant-Appellant.*

Deschutes County Circuit Court
MI050240; A129010

164 P3d 1219

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant pleaded guilty to driving under the influence of intoxicants (DUII), ORS 813.010. Because this is his third DUII conviction, the trial court permanently revoked defendant's driving privileges pursuant to ORS 809.235(1)(b) (2003), *amended by* Or Laws 2005, ch 436, § 1. Defendant now appeals, challenging the constitutionality of the statute that requires the permanent revocation of his driving privileges. The state argues that, because defendant pleaded guilty, the matter is not appealable and that, in any event, defendant's constitutional challenge is without merit. We conclude that defendant's constitutional challenge is appealable, but we agree with the state that it is without merit. We therefore affirm.

We begin with the state's contention that the matter is not appealable. ORS 138.050 provides, in part:

"(1)   Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel or unusual."

ORS 138.053, in turn, provides that a judgment is subject to the appeal provisions and limitations stated in ORS 138.050,

"if the disposition includes any of the following:

"(a)   Imposition of a sentence on conviction.

"(b)   Suspension of imposition or execution of any part of a sentence.

"(c)   Extension of a period of probation.

"(d)   Imposition or modification of a condition of probation or of sentence suspension.

"(e)   Imposition or execution of a sentence upon revocation of probation or sentence suspension."

In this case, the state argues that, because defendant pleaded guilty, his challenge to the constitutionality of

the statute requiring the revocation of his driving privileges is "beyond this court's scope of review" and therefore requires affirmance of the judgment. According to the state, the scope of our review is limited to the lawfulness of the "sentence," which, the state contends, refers to the imposition of either a term of imprisonment, a fine, or both. The state acknowledges that, strictly speaking, ORS 138.050 permits a defendant who pleads guilty to challenge a "disposition." The state nevertheless insists that we should understand that term to refer to a "sentence."

To begin with, it is perhaps worth noting that, as we explained in *State v. Stubbs*, 193 Or App 595, 604, 91 P3d 774 (2004), ORS 138.050(1) "pertains to appealability rather than reviewability, and embodies a jurisdictional limitation on appeal." Thus, if the state is correct about the applicability of that statute, the proper remedy is dismissal of the appeal, not affirmance of the judgment.

As to the merits of the state's argument, we need not address whether the revocation of driving privileges is part of a "sentence" within the meaning of relevant statutes. *But see State v. Carney*, 94 Or App 302, 304-05, 765 P2d 232 (1988) ("Because ORS 809.420(2) [providing for suspension or revocation of driving privileges on conviction for certain offenses] requires that the length of suspension be based on a defendant's record at the time when he committed the offense, *the court's sentence* exceeded that allowed by statute." (Emphasis added.)). That is because we do not accept the premise of the state's argument, *viz.*, that ORS 138.050 limits a defendant to a challenge of the "sentence."

ORS 138.050(1) plainly states that a defendant who has pleaded guilty may challenge the "disposition" as being unlawful. It does not state that the defendant may challenge only the "sentence." The state's argument that the two terms are, in effect, interchangeable, is not persuasive. According to the state, ORS 138.053 "clarifies that 'disposition' refers to various aspects of a 'sentence.'" Actually, ORS 138.053 does not equate the two terms. It states that a "disposition" may *include* various aspects of sentencing, but it nowhere suggests that a "disposition" and a "sentence" are synonyms. Although a "disposition" may include a "sentence," it does not

logically follow that a "disposition" is nothing more than a "sentence." Indeed, as we explained in *State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992), an earlier version of ORS 138.050 did refer to review of a "sentence." But that version was amended, and the word "disposition" was substituted for the word "sentence" precisely to permit review of an order of probation, which at the time was not considered a "sentence" within the meaning of the relevant statutes. *Id.* at 418-19.

The state offers no other argument in support of the suggestion that a revocation of driving privileges is not a "disposition" within the meaning of ORS 138.050, and we are aware of none. We therefore conclude that we have jurisdiction to review defendant's challenge to the constitutionality of that disposition.

As to that question, our opinion in *State v. Terry*, 214 Or App 56, 162 P3d 372 (2007), is controlling and adverse to defendant's arguments. We therefore conclude that the trial court did not err in permanently revoking defendant's driving privileges.

Affirmed.