Submitted May 28, affirmed July 2, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LINDA ANN McGUIRE,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI060064; A131675

188 P3d 425

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Mary-Shannon Storey, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

SCHUMAN, J.

## SCHUMAN, J.

Defendant challenges the constitutionality of the statute under which the trial court imposed a lifetime revocation of her driving privileges. She argues that the statute violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We affirm.

Defendant was convicted for a third time of violating ORS 813.010, which prohibits driving under the influence of intoxicants (DUII). The court ordered permanent revocation of her driving privileges pursuant to ORS 809.235(1)(b) (2003),[1] which provided:

> "The court shall order that a person's driving privileges be permanently revoked if the person is convicted of felony driving while under the influence of intoxicants under ORS 813.010 or if the person is convicted of misdemeanor driving while under the influence of intoxicants under ORS 813.010 for a third time."

According to defendant, the statute violates the Due Process Clause[2] because it imposes a lifetime revocation on persons who violate Oregon's DUII statute three times but not on persons with similar offenses under comparable statutes of other states. That "arbitrary method of determining when to permanently revoke a defendant's driver's license is not narrowly tailored to further a compelling state interest," defendant argues. The statute, she continues, must meet that demanding level of scrutiny, generally known as "strict scrutiny," *Reno v. Flores*, 507 US 292, 301-02, 113 S Ct 1439, 123 L Ed 2d 1 (1993), because it interferes with a person's fundamental constitutional right to travel. It fails, according to defendant's theory, because, although Oregon may have an interest in permanently decertifying drivers with serial DUII convictions, the statute is underinclusive (*i.e.*, not "narrowly tailored"), in that a person with out-of-state DUII convictions is as much of a highway threat as a person with Oregon DUII

---

[1] The statute has since been amended by Oregon Laws 2005, chapter 436, section 1. References throughout are to the 2003 version, which was in effect at the time defendant committed the crime.

[2] "No state shall * * * deprive any person of life, liberty, or property, without due process of law[.]"

convictions, yet the person with out-of-state convictions escapes the lifetime revocation sanction.

██ Defendant is correct that state legislation that interferes with certain United States Supreme Court-designated so-called "fundamental rights" violates the Due Process Clause unless the legislation survives strict scrutiny. *Id.* However, although the right to travel may, in some situations, be "fundamental," *Attorney General of N. Y. v. Soto-Lopez*, 476 US 898, 906, 106 S Ct 2317, 90 L Ed 2d 899 (1986), there is no support for the proposition that the same can be said for the right to hold a driver's license. Federal circuit courts have "uniformly held that burdens on a single mode of transportation do not implicate the right to interstate travel." *John Doe No. 1 v. Georgia Dept. of Public Safety*, 147 F Supp 2d 1369, 1375 (ND Ga 2001).[3] If state laws regulating the use of highways had to pass strict scrutiny, stop signs, for one obvious example, could not survive, because they are not "narrowly tailored"; they restrict some driving that imposes no safety threat whatsoever (deserted intersection, unobstructed view, broad daylight), and they fail to restrict some driving that does (full stop, jack-rabbit start, pedestrian in crosswalk).

Indeed, the real basis of defendant's claim is not that the state is constitutionally prohibited from permanently revoking the driver's licenses of persons who have serial DUII convictions, but that the state has accomplished the undeniably legitimate objective of protecting its citizens from such drivers through the means of an irrational classification scheme: it has chosen to protect its citizens from persons with a history of driving while intoxicated in Oregon, but not from persons with a history of driving while intoxicated elsewhere. The challenge, then, is not under the Due Process Clause, but the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution or Article I, section 20, of the Oregon Constitution.

---

[3] *See, e.g., Duncan v. Cone*, 2000 WL 1828089 (6th Cir 2000); *Miller v. Reed*, 176 F3d 1202, 1205 (9th Cir 1999); *City of Houston v. FAA*, 679 F2d 1184, 1198 (5th Cir 1982); *Monarch Travel Services v. Associated Cultural Clubs*, 466 F2d 552, 554 (9th Cir 1972), *cert den*, 410 US 967 (1973).

■■ We have already held that the statute does not violate Article I, section 20. *State v. Terry*, 214 Or App 56, 60, 162 P3d 372 (2007). Unless it distributes benefits or burdens according to a "suspicious" classification scheme or interferes with one of a very few Supreme Court-specified fundamental rights, a statute does not violate the Equal Protection Clause if it bears a rational relationship to a legitimate state interest. *Romer v. Evans*, 517 US 620, 631, 116 S Ct 1620, 134 L Ed 2d 855 (1996). The right to possess a driver's license, as noted above, is not "fundamental." Further, those thrice convicted under Oregon DUII law are not the victims of a so-called suspicious classification, as are, for example, members of racial, religious, or nationality groups. Thus, the state's classification scheme survives challenge under the Equal Protection Clause if it bears a rational relationship to a legitimate state objective. *Id.* It cannot be denied that highway safety is a legitimate state objective, and that keeping some serial DUII offenders off the roads, if not "narrowly tailored" to meet the objective, is rationally related to it. *Williamson v. Lee Optical Co.*, 348 US 483, 489, 75 S Ct 461, 99 L Ed 563 (1955) (state may achieve legitimate objective through partial legislation). Further, the legislature could rationally have believed that the complications inherent in comparing out-of-state DUII statutes to Oregon's justified the classification. The statute, therefore, is not unconstitutional.

Affirmed.